UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-14042-CR-MARTINEZ/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN HENRY ALEXANDER,

    Defendant.
_____/

FILED by _____ D.C.

NOV 19 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON FINAL EVIDENTIARY HEARING

**THIS CAUSE** having come before the Court for a final hearing on November 19, 2018 with respect to the Superseding Petition for Warrant for Offender under Supervision (the "Superseding Petition"), and this Court having convened a hearing, recommends to the District Court as follows:

    1.    Defendant appeared before this Court on November 19, 2018 for a final hearing on the Superseding Petition, which alleges the following violations of supervised release:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about September 25, 2018, in Highlands County, Florida, the defendant did commit the offense of Resisting/Obstructing officer without violence, contrary to Florida Statute 843.02. |
| **Violation Number 2** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about September 25, 2018, in Highlands County, Florida, the defendant did commit the offense of Possession of marijuana not more than 20 grams, contrary to Florida Statute 893.13(6)(B). |
| **Violation Number 3** | **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On September 27, 2018, the defendant submitted a urine specimen which |

|  |  |
|---|---|
| | tested positive for the presence of cocaine in our local laboratory; and subsequently confirmed positive by Alere Toxicology Services, Incorporated. |
| **Violation Number 4** | **Violation of Standard Condition**, by associating with a person who is a convicted felon without the permission of the United States Probation Officer. On or about September 25, 2018, the defendant knowingly associated with Nichiren Shoshu Smith, Black/Male, DOB: October 21, 1975, convicted in State court on February 4, 2013, Docket number 12-000734-CF-MA of Possession of cannabis within 1,000 feet of public housing with intent to sell, and sentenced to 18 months Florida State Prison. |
| **Violation Number 5** | **Violation of Special Condition**, by failing to perform community service hours as directed. On March 29, 2018, the defendant executed a community service agreement to begin performing 20 hours of community service work per week, if unemployed, at Highlands County Youth Sports, and to date, has failed to comply with this agreement and is currently 281 hours delinquent. |
| **Violation Number 6** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about October 19, 2018, in Highlands County, Florida, the defendant did commit the offense of Possession of cannabis, contrary to Florida Statute 893.13. |
| **Violation Number 7** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about October 19, 2018, in Highlands County, Florida, the defendant did commit the offense of Possession of drug paraphernalia, contrary to Florida Statute 893.147. |

2. After consultation with his attorney, Defendant announced to this Court that he wished to admit Violation Numbers 1, 2, 3, 5, 6, and 7 as set forth in the Superseding Petition. The Government announced that it agreed to seek dismissal of Violation Number 4 at sentencing. This Court questioned Defendant on the record and made certain that he understood his rights in regards to an evidentiary hearing with respect to the alleged violations. Defendant acknowledged that he understood his rights and further understood that if this Court accepts his

admissions all that will remain as to Violation Numbers 1, 2, 3, 5, 6, and 7 will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

3. The Government provided a factual proffer for Defendant's admissions. According to the Government, on or about September 25, 2018, a Sebring Police Department officer conducted a traffic stop of a vehicle with non-working brake lights. Contact was made with the driver. While the officer and driver were speaking, the defendant exited the passenger side of the vehicle despite the officer's instruction to remain inside the car. The defendant began to run from the scene. The officer chased him, commanding the defendant to stop. The officer tackled the Defendant and placed him under arrest. Defendant was searched and a small amount of marijuana was found in his pocket. Defendant was charged with resisting an officer without violence and possession of marijuana in violation of Florida law. On November 15, 2018, Defendant pled guilty to both charges and received a sentence of thirty days' imprisonment. (Violation Numbers 1 and 2). On September 27, 2018, Defendant submitted a urine specimen for drug testing to his probation officer. The sample tested positive for the presence of cocaine in Probation's local laboratory and subsequently was confirmed positive by Alere Toxicology Services, Inc. (Violation Number 3). On October 19, 2018, federal probation officers conducted a search of Defendant's residence. A bag containing 6.8 grams of marijuana was found during a search of the Defendant's bedroom. Defendant was charged with possession of marijuana and drug paraphernalia in violation of Florida law. On November 15, 2018, Defendant pled guilty to both charges and was sentenced to thirty days' imprisonment. (Violation Numbers 6 and 7). On March 29, 2018, the Defendant executed a community service agreement to begin performing 20 hours of community service work per week at Highlands County Youth Sports. To date, Defendant has failed to comply with this agreement and is currently 281 hours delinquent.

(Violation Number 5). Defendant agreed that the Government's proffer was true and correct, and that the Government could prove these facts against him were a hearing to be held in this matter. The Court has considered the Government's proffer, and finds that it sets forth a sufficient basis to support Defendant's admissions to Violation Numbers 1, 2, 3, 5, 6, and 7.

4. The possible maximum penalties faced by Defendant were read into the record by the Government, and Defendant stated that he understood those penalties.

5. The parties agreed to jointly recommend a sentence of eighteen (18) months' imprisonment in this case. The Defendant acknowledged his understanding that although the parties may agree to make this recommendation, it is not binding on the District Court, and the Defendant may not withdraw his plea based upon the District Court's decision not to accept this or any other sentencing recommendation.

**ACCORDINGLY,** based upon the Defendant's admission to Violation Numbers 1, 2, 3, 5, 6, and 7 of the Superseding Petition under oath, this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to Violation Numbers 1, 2, 3, 5, 6, and 7 and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter. The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 19th day of November, 2018.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE